UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

PATRICIA SCOTT,

    Plaintiff,

vs.                                                Case No.  3:07-cv-62-J-33MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

## O R D E R

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 25). The Court notes that Plaintiff, Patricia Scott, is presently proceeding pro se. As an initial matter, the Court will point out to Plaintiff that there are many attorneys in the area who specialize in social security appeals and the Court recommends Plaintiff attempt to obtain counsel to assist her in this proceeding. As this Order and the Scheduling Order (Doc. 27) explain, Plaintiff will be required to respond to the pending Motion to Dismiss no later than **August 6, 2007** and will be expected to file a memorandum of law in support of her Complaint regarding the denial of her social security benefits by **September 20, 2007**. Accordingly, Plaintiff should not hesitate in obtaining counsel.

If, however, Plaintiff wishes to proceed pro se, the Court will take this opportunity to inform Plaintiff of some, but not all, of the procedural rules with which she must comply. The Court reminds Plaintiff of these obligations because a pro se litigant is subject to the same law and rules of court as a litigant who is represented by counsel,

including the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and the Local Rules of the Middle District of Florida.[1]  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

All documents filed with the Court must be in the form of a pleading, see Rule 7(a), Fed.R.Civ.P., or of a motion, see Rule 7(b), Fed.R.Civ.P.  Each pleading, motion, notice, or other paper shall be presented in a separate document.  All documents filed with the Court must include a caption (the same as is set forth on this Order); a brief title that describes the nature of the document; Plaintiff's name and signature; and a Certificate of Service.  These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff must bear an original signature, or they will be rejected by the Court.  Among other things, that signature serves as Plaintiff's certification, pursuant to Rule 11(b), Fed.R.Civ.P. that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made.  Plaintiff is advised to review and become familiar with Rule 11, Fed.R.Civ.P., as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines or dismissal of Plaintiff's case.

All pleadings, motions, or other papers filed with the Court by Plaintiff must also include a signed Certificate of Service.  The Certificate of Service is confirmation that

---

[1] The Local Rules are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov  and a copy may be obtained by visiting the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses.

Plaintiff has complied with the requirements of Rule 5, Fed.R.Civ.P. by serving on every other party to the action (or its attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or their attorneys) and the means by which such service was made (e.g., U.S. Mail; Federal Express; hand delivery).

Plaintiff shall not correspond with the Court or any judge or magistrate judge of the Court in letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the judges of this Court will only deliver their decisions and opinions in response to those documents filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to, will be stricken from the case file, and will be returned to the sending party.

Social Security appeals are handled a bit differently than most other civil litigation. As the Scheduling Order (Doc. 27) indicates, the parties file memoranda of law in support of their positions and the Court makes a decision based on those filings. The memoranda must set forth all of Plaintiff's claims of error with respect to the denial of her Social Security benefits and contain citation to legal authorities in support of the relief requested, see Local Rule 3.01(a). However, the memorandum cannot exceed twenty-five pages (25) in length without leave of Court. See Local Rule 3.01(d).

Additionally, in this case, Defendant has filed a Motion to Dismiss a portion of Plaintiff's Complaint. (See Doc. 25). Plaintiff shall file a written response to this Motion

no later than **August 6, 2007**. The Motion is not seeking to dismiss all of Plaintiff's Complaint. Indeed, the Motion is not addressing Plaintiff's claims with respect to the denial of her social security benefits. Instead, the Motion seeks to dismiss Plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). According to the Defendant, Plaintiff was not an employee of the Social Security Administration and therefore, cannot maintain an action pursuant to Title VII. Plaintiff shall file a written response addressing Defendant's contentions. Plaintiff should note that Defendant is correct that Title VII only protects employees from discrimination by their employers.

Plaintiff is also cautioned that she must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including dismissal of this case.

Lastly, Plaintiff is reminded that, although she is now proceeding pro se, she is not relieved of all of the obligations that rest upon an attorney. There are still many requirements with which Plaintiff must comply, including those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences. While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Should Plaintiff desire to have an attorney represent her in this case, said attorney shall file a notice of appearance no later than **Friday, August 17, 2007**. If

Plaintiff wishes to proceed pro se, she shall file a notice with the Court no later than **Friday, August 17, 2007**, so indicating.

      2.      If Plaintiff desires to proceed pro se, she shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the Middle District of Florida, and any applicable statutes and regulations. Plaintiff will also file her response to Defendant's Motion to Dismiss on or before **August 6, 2007** and her memorandum of law no later than **September 20, 2007**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  20th  day of July, 2007.

          *Monte C. Richardson*
          MONTE C. RICHARDSON
          UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Pro Se Plaintiff